C. I. T. Corporation, Appellant, *v.* Shakespeare et al.

Argued October 23, 1928.

Before Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Lisle D. McCall,* for appellant.

*Ross H. Pentz,* and with him *W. C. Pentz* and *John J. Pentz,* for H. Shakespeare & Sons, intervening appellee.

*N. F. Womer,* for McCready & Welker, intervening appellees.

OPINION BY HENDERSON, J., December 13, 1928:

This is an action of replevin brought by the plaintiff to obtain possession of an automobile claimed by it. McCready & Welker, intervening defendants' obtained a judgment against I. Shakespeare, one of the defendants, on May 27, 1927; and issued an execution thereon. This execution was renewed from time to time and levy continued on the property. The levy was in force at the time the writ of replevin was served. Notice was given to the officer, by whom the latter writ was held, that the property described in the replevin was then subject to the levy on the Mc-Cready & Welker judgment. This notice was disregarded, however, and the property was delivered to the plaintiff in the writ of replevin. Thereafter the execution creditors presented a motion to quash the writ of replevin, under the provisions of section 2 of the Act of April 3, 1779 (4 Purdon's Digest 4136). There is apparently no dispute as to the fact that the property was under levy when the writ of replevin was issued, and the court being satisfied as to the truth of the execution creditor's averments made absolute the rule to quash.

There is no contention with respect to the proposition that personal property taken in execution by a sheriff or a constable is exempt from seizure on a writ of replevin: Gloss v. Black, 91 Pa. 418; Taylor v. Ellis, 200 Pa. 191.

The applicant seeks to avoid the operation of the statute for the reason that the property was not taken in possession by the officer who served the execution

and that there was a postponement of the sale from time to time. Neither of these objections is sufficient to save the writ on the facts disclosed. The constable was not bound to take possession of the property when he made the levy. It is not an uncommon practice to permit property seized by the sheriff or constable on an execution to remain in the possession of the debtor for the time being. As between the execution creditor and an adverse claimant of the property no injury to the latter resulted from the delay. A postponement is not fraudulent per se: McGinnis v. Prieson, 85 Pa. 111-116. The replevin was served after notice of the writ, and the plaintiff was therefore apprised of the lien. The facts are within the contemplation of the Act of 1779. The scope of that statute and the reason for its enactment are fully set forth in Taylor v. Ellis, supra.

The action of the court below is well supported by the authorities, and the order is therefore sustained.

Appeal dismissed.

NOTE—This opinion was written by Judge Henderson and adopted by the court as its judgment before his death though filed thereafter.